UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Marquese Hines,<br><br>                     Plaintiff,<br><br>v.<br><br>Leah Arihess Family et al.<br><br>                     Defendants. | Civil No. 3:23-cv-01571 (VAB)<br><br><br><br>June 5, 2024 |

**RECOMMENDED RULING ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 2] AND INITIAL REVIEW UNDER 28 U.S.C. § 1915**

  This is one of more than thirty civil actions that the plaintiff, Marquese Hines, has filed in the District of Connecticut. He has filed this civil rights complaint *pro se*, but the handwritten document is almost completely illegible. (Compl., ECF No. 1.) As a result, the Court cannot decipher what his claims are or what relief he seeks. He also seeks leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. (ECF No. 2.)

  When a plaintiff seeks permission to begin a lawsuit IFP – that is, without paying the filing fee – the court ordinarily conducts two inquiries. First, it reviews the plaintiff's financial affidavit and determines whether he is unable to pay the fee. 28 U.S.C. § 1915(a). Second, to ensure that the plaintiff is not abusing the privilege of filing a free lawsuit, the court examines his complaint to determine whether it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). If the complaint is indeed frivolous or fails to state a claim, the court must dismiss the case. *Id*.

  United States District Judge Victor A. Bolden referred this case to me – United States Magistrate Judge Thomas O. Farrish – to conduct these inquiries. I have reviewed the complaint,

the IFP motion, and the accompanying affidavit.  In the first step of my analysis, **I recommend that the motion for leave to proceed IFP be denied without prejudice** because Mr. Hines has not properly completed and signed the financial affidavit.  (*See* discussion, Section 1 *infra*.)  What little information he did provide suggests that he would not be entitled to IFP status (*see* ECF No. 2, at 3), but his incomplete, unsworn affidavit is insufficient, and so I do not have enough information to determine if he can pay the fee.

**I also recommend that Mr. Hines' complaint be dismissed without prejudice**, for two reasons.  First, he has neither paid the filing fee nor shown that he is excused from doing so by filing a complete, signed financial affidavit.  Second and more substantively, his handwritten complaint is almost completely illegible and entirely indecipherable, and therefore fails to state a claim upon which relief maybe granted.  Accordingly, I recommend that his complaint be dismissed without prejudice.

1. **The First Inquiry:  *In Forma Pauperis* Status**

When a plaintiff files a complaint in federal court, typically he must pay filing and administrative fees totaling $405.  *See* 28 U.S.C. § 1914.  District courts may nevertheless authorize commencement of an action "without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees."  28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson,* 575 U.S. 532, 135 S. Ct. 1759, 1761 (2015) (plaintiffs who qualify for *in forma pauperis* status "may commence a civil action without prepaying fees or paying certain expenses").

To qualify for *in forma pauperis* status, the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but he does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*,

77 Fed. Cl. 59, 62 (2007).  Put differently, a "sufficient" *in forma pauperis* application is one that demonstrates that the plaintiff "cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Courts typically deny motions for leave to proceed IFP when the plaintiff's affidavit lacks enough information to confirm his inability to pay.  In *Bank of New York v. Consiglio,* for example, the court denied the plaintiff's motion because his affidavit did not include enough information about the disability benefits he was receiving.  No. 3:17-cv-1408 (CSH) (SALM), 2017 WL 9480197, at *2 (D. Conn. Oct. 2, 2017), *report and recommendation adopted,* 2017 WL 4948069 (D. Conn. Nov. 1, 2017).  In *Schwartz v. Internal Revenue Service*, the court denied an IFP motion because the plaintiff failed to answer several of the questions on the affidavit.  998 F. Supp. 201, 202 (N.D.N.Y. 1998).  And in *Morrison v. Jefferson County Public Defender's Office*, the court likewise denied the plaintiff's motion because he "failed to provide complete information."  No. 7:09-cv-1412, 2010 WL 455467, at *3 (N.D.N.Y. Feb. 3, 2010) (accepting report and recommendation).

In this case, Mr. Hines' left his affidavit largely incomplete and has not demonstrated that he is "unable to pay" the filing fee.  He failed to provide any information at all about his residence, or financial obligations.  (ECF No. 2, at 2, 4.)  His responses to inquiries about his sources of income and his assets are mostly illegible, but he appears to claim "[$]6,000, [$]8,000" in gross weekly earnings and assets valued at $250,000,000.00."  (*Id.* at 3.)  These figures, if relied upon by the Court, would appear to indicate that Mr. Hines should be able to afford the $405 filing fee, but he did not sign his affidavit.  (*Id.* at 5.)  "A signature is necessary to verify the document's contents" and, in light of Mr. Hines's failure to sign his affidavit, the Court cannot rely upon the

scant information he has provided. *Johnson v. Google*, No. 3:21-CV-01429 (MPS), 2021 WL 12142239 (D. Conn. Nov. 22, 2021) (citing *LaPietra v. City of Albany Police Dep't*, No. 9:13-cv-1527 (TJM) (TWD), 2020 WL 8910896, at *1 (N.D.N.Y. Feb. 26, 2020). For these reasons, I recommend that his motion for leave to proceed IFP be denied, without prejudice to refiling.

2. **The Second Inquiry: Review of the Complaint Under 28 U.S.C. § 1915(e)(2)**

Although Mr. Hines' complaint and motion fail the first inquiry, in the interest of judicial efficiency I will also conduct the second inquiry required under 28 U.S.C. § 1915(e)(2). *See, e.g., Franklin v. Chenango Cnty. Pub. Defender's Office,* No. 3:18-cv-0865 (BKS/DEP), 2018 WL 4288620, at *2 (N.D.N.Y. Sept. 7, 2018) (conducting 28 U.S.C. § 1915(e) analysis even though *in forma pauperis* motion denied).

As noted, this second inquiry asks whether the Mr. Hines' complaint "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B). A complaint will be deemed frivolous when the facts plead are "clearly baseless—that is…they are fanciful, fantastic or delusional." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez,* 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992)). As the Supreme Court has held, "a complaint [does not] suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal citation and quotation marks omitted). Applying these principles, courts in this district have dismissed complaints when the alleged facts "def[y] rational belief." *Flynn v. Verizon Wireless*, No. 3:22-CV-1065 (JAM), 2023 WL 5153635, at *5 (D. Conn. Aug. 10, 2023) (dismissing claim that alleged a "government-wide conspiracy to install 5G networks to control the population" as frivolous); *see also Foster v. Doe*, No. 3:21-CV-00507 (VAB), 2021 WL 11581097, at *1 (D. Conn. Apr. 26, 2021), *report and recommendation adopted,* slip op. (D.

4

Conn. Aug. 5, 2021) (dismissing claim as frivolous when plaintiff made "scant" factual allegations that his civil rights were "locked…at World Court"). When an IFP complaint is "frivolous" it is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Gallop*, 642 F.3d at 368.

Of course, pleading rules are interpreted liberally in the case of *pro se* plaintiffs like Mr. Hines. "Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, we must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections,* 232 F.3d 135, 139-40 (2d Cir. 2000). Put differently, courts interpret *pro se* complaints "to raise the strongest arguments they suggest." *Pabon v. Wright,* 459 F.3d 241, 248 (2d Cir. 2006). Since *pro se* litigants "cannot be expected to know all of the legal theories on which they might ultimately recover," a reviewing court's "imagination should be limited only by [the] factual allegations" when determining what legal claims the complaint suggests. *Phillips v. Girdich,* 408 F.3d 124, 130 (2d Cir. 2005). This liberality has limits, however. "Even a *pro se* plaintiff . . . must meet the standard of facial plausibility." *McQuay v. Pelkey,* No. 3:16-cv-436 (MPS), 2017 WL 2174403, at *2 (D. Conn. May 17, 2017); *see also Hogan v. Fischer,* 738 F.3d 509, 515 (2d Cir. 2013) ("[A] *pro se* complaint must state a plausible claim for relief . . . .").

In this case, there is no way to determine if Mr. Hines' claims have any basis in law or fact because his complaint cannot be read at all. Courts must afford self-represented plaintiffs "special solicitude" when interpreting their complaints, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006), but the Court cannot interpret what it cannot read. Other courts in the Second Circuit have dismissed "largely illegible" complaints that do "not provide any coherent information." *Avraham v. Doe*, No. 21-CV-0251 (LLS), 2021 WL 698778, at *1 (S.D.N.Y. Feb. 19, 2021); *see also Mercer v. Acting Comm'r of Dep't of Corr.*, 992 F. Supp. 519 (N.D.N.Y. 1998).

5

The same is true in the District of Connecticut, *Burks v. A.D.T. Alarm Sys.*, No. CIV.A.3:04 CV 747 CF, 2004 WL 1803338 (D. Conn. Aug. 10, 2004), and the court has dismissed at least one of Mr. Hines's prior cases for this very reason. *See Hines et al v. Yale New Haven Hosp. et al*, No. 3:22-cv-150-VLB, ECF No. 7 (dismissing case without prejudice for failure "to state a claim upon which relief may be granted" because the "complaint is illegible and of the portions that can be read, the claims are incomprehensible"). Furthermore, it appears that he failed to sign his complaint, as required under Rule 11 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11 ("Every pleading . . . must be signed . . . by a party personally if the party is unrepresented."). Based on all this, I conclude that Mr. Hines' complaint fails to state a claim upon which relief may be granted and, accordingly, should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that Judge Bolden deny Mr. Hines' IFP motion and dismiss his complaint. I further recommend that the denial and dismissal be without prejudice. If my recommendation is accepted, this would mean that Mr. Hines could (a) file another motion for leave to proceed IFP, this time fully completing the financial affidavit;[1] and (b) file a signed and legible amended complaint – preferably typewritten and double spaced – to cure the defects cited in this recommended ruling so that the Court may review the merits of his claims.

This is a recommended ruling by a magistrate judge. Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C). **If Mr. Hines wishes to object to my recommendation, he must file that objection with the Clerk of the Court within nineteen days.** Fed. R. Civ. P. 72(b)(2) (stating that objections to Magistrate Judges' recommendations must be filed within fourteen days); D.

---

[1] Mr. Hines should fill in every space on the affidavit. If the truthful answer to a question is "zero," "none" or "not applicable," he should write that on the affidavit rather than leave the space blank.

Conn. L. Civ. R. 72.2(a) (adding five days for litigants who, like Mr. Hines, will receive notice of the recommendation by mail rather than electronically).  If he does not do so, he may not thereafter assign as error any claimed defect in this recommended ruling.  D. Conn. L. Civ. R. 72.2(a).  Failure to file a timely objection will also preclude appellate review.  *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *accord Impala v. U.S. Dept. of Justice,* 670 F. App'x 32 (2d Cir. 2016) (summary order).

                                                */s/ Thomas O. Farrish*
                                                Hon. Thomas O. Farrish
                                                United States Magistrate Judge